MEYEROWITZ v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. STREET RAILROADS—PASSENGERS—INJURIES—NEGLIGENCE—SUFFICIENCY.
  Evidence that while plaintiff was attempting to board a street car, which had stopped in response to his signal, the car started, and plaintiff fell on the street, without showing in what manner the car started, and without showing that plaintiff's fall was caused by the starting of the car, was insufficient to show negligence on the part of defendant.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Abraham Meyerowitz against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Morris Cukor, for respondent.
Henry A. Robinson, for appellant.

FREEDMAN, P. J.   This is one of the ordinary actions for personal injuries alleged to have been caused by the negligence of the defendant. The only evidence given by the plaintiff, who was the only witness sworn in his behalf, as to the occurrence, was that one of the defendant's cars stopped in response to his signal, and that plaintiff "stepped with the right foot on the car, and then I was holding. I wanted to get on, and the car started, and I fell off, and the car went right along, and I fell on the street." This is no evidence of negligence on the part of the defendant. The mere starting of a car is not negligence. How or in what manner the car in this case was started does not appear, nor was it shown that the plaintiff's fall was caused by such starting of the car.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.